```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Lonnie J. Trammell,            :

     Plaintiff,              :

  v.                           :     Case No. 2:16-cv-0547

Commissioner of Social Security, :   JUDGE JAMES L. GRAHAM
                                  Magistrate Judge Kemp
     Defendant.              :

## REPORT AND RECOMMENDATION

    This is a social security case. Plaintiff Lonnie J. Trammell had applied for disability insurance benefits in 2013. The Commissioner's final denial of that application came in 2016, and Plaintiff then filed suit. After the administrative record was filed and Plaintiff submitted his statement of errors, the Commissioner moved to remand for "further administrative proceedings and a new decision." Doc. 13. Plaintiff is not opposed to a remand, but he has asked the Court to order the Commissioner to hold a new hearing, which was not specifically contemplated in the motion to remand. Plaintiff asserts that he will be prejudiced if only a paper review of the record occurs. In reply, the Commissioner argues that because Plaintiff's last insured date preceded the ALJ's decision, there is no basis for ordering an additional administrative hearing, but also states that the ALJ may decide to hold one if necessary and if, under applicable procedures, "the facts warrant it." See Doc. 15, at 2. For the following reasons, it is recommended that the motion be granted as filed.

     There is not much case law on the question of whether a Court can, or should, alter the conditions on which the Commissioner seeks a voluntary remand. However, 42 U.S.C.

§405(b)(1) gives the Commissioner of Social Security the power "to hold such hearings and to conduct such investigations and other proceedings as the Commissioner may deem necessary or proper for the administration of this subchapter."  That is a broad grant of discretionary authority.  The Court of Appeals has said that "[u]nder this scheme, the Secretary's responsibilities are broad indeed."  Mullen v. Bowen, 800 F.2d 535, 537 (6th Cir. 1986).  That means that the courts should give due deference to the Commissioner's authority to determine what kinds of procedures are needed when a case is remanded.  See, e.g., Travis v. Sullivan, 985 F.2d 919 (7th Cir. 1993).

Here, the Commissioner makes a plausible argument that a new hearing will not be necessary.  Under those circumstances, where Plaintiff has not made a persuasive case for the Court's overriding the Commissioner's discretion, the remand should be on the terms proposed by the Commissioner.  This does not preclude a new hearing; the Court accepts the Commissioner's representation, in the reply, that "whether to provide a new hearing must be left to the discretion of the ALJ."  Doc. 15, at 1.  Of course, should a new hearing not be held and an unfavorable decision be rendered, Plaintiff would not be foreclosed, in any subsequent appeal, from arguing that the ALJ abused his or her discretion by failing to hold a hearing.

Based on the foregoing, it is recommended that the motion for voluntary remand (Doc. 13) be granted, and that the case be remanded to the Commissioner for further administrative proceedings and a new decision.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection

is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


                                              <u>/s/ Terence P. Kemp</u>
                                              United States Magistrate Judge